1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

## Berger&Montague, P.C.
ATTORNEYS AT LAW

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/12
```

**MEMO ENDORSED**

LAWRENCE J. LEDERER    ALSO ADMITTED IN DC
WRITER'S DIRECT DIAL | 215/875-4625
WRITER'S DIRECT FAX  | 215/875-4604
WRITER'S DIRECT E-MAIL | llederer@bm.net

September 24, 2012

*[Handwritten endorsement:]* It appears, from the letter the Court has received from counsel for The Bank of New York Mellon, that no conference is necessary at this time. If, after further good faith conference between counsel, issues remain, counsel may call my chambers and request a date for a telephone conference.

SO ORDERED:   DATE: 9/28/12

/s/ Debra Freeman
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

<u>Via Facsimile (To No. 212-805-4258)</u>

The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Dodona I, LLC v. Goldman Sachs & Co., et al.*, 10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)

Dear Judge Freeman:

    We represent lead plaintiff Dodona I, LLC ("Plaintiff") in the above litigation. We write to request a conference with the Court to address Bank of New York Mellon's ("BONY") failure to comply with three subpoenas *duces tecum*. In accordance with Your Honor's practices and Local Rule 37.2, Plaintiff has attempted in good faith to resolve this dispute with BONY before seeking judicial intervention, but has been unsuccessful.

    Plaintiff has been diligently pursuing discovery concerning class certification, among other things. Presently, by Order dated June 24, 2012 (Dkt. 89), the deadline for Plaintiff's class certification papers is October 19, 2012. By letter on September 19, 2012, Plaintiff sought a 60 day extension of that deadline citing, *inter alia*, BONY's delay in complying with Plaintiff's subpoenas. That request remains pending before Your Honor.

    Plaintiff issued its first subpoena to BONY on May 22, 2012.[1] A BONY affiliate served as the trustee and principal paying agent for the Hudson 1 collateralized debt obligation securities (the "Hudson 1 CDO") at issue in this case. *See* Dkt. 50-1 (Offering Circular, at ECF p.186). Plaintiff sought principally that BONY identify all Hudson 1 investors of which it is aware, since that information bears directly on the issue of Fed. R. Civ. P. 23(a)(1) numerosity. *See, e.g., In re Initial Public Offering Sec. Litig.*, 471 F.2d 24, 40 (2d Cir. 2006) ("For example, in considering whether the numerosity requirement is met, a judge might need to resolve a factual dispute as to how many members are in a proposal class."). This is particularly important given that this case involves private placements rather than exchange-listed securities, and

---

[1] That subpoena was addressed to "The Bank of New York Trust Company, N.A., n/k/a The Bank of New York Mellon Trust Company, N.A." and was defined to include, *inter alia*, its predecessors, successors, parents and affiliates.

# Berger&Montague,P.C.
ATTORNEYS AT LAW

The Hon. Debra Freeman
September 24, 2012
Page 2

Goldman's argument in another case that numerosity should be measured on a tranche-by-tranche basis. *See Pub. E'ees Ret. Sys. of Miss. v. Goldman Sachs Group, Inc.*, 280 F.R.D. 130, 134 (S.D.N.Y. 2012).[2] And as trustee and paying agent for Hudson 1, Plaintiff is, as a practical matter, unable to obtain this information other than from BONY.

Following issuance of that initial subpoena, Plaintiff reiterated to BONY's in-house counsel, orally and in writing, both the importance of this information and the scheduling deadlines. On July 13, 2012, BONY produced a "participant list" for the Hudson 1 CDO. However, instead of listing all such Hudson holders of which it is aware, that report listed only one actual holder and five nominees for other unnamed holders, including defendant Goldman itself and two BONY affiliates.

Following additional negotiations, BONY argued that Plaintiff's subpoena was not broad enough to encompass the two BONY affiliates. Despite explicitly including all BONY affiliates in its first subpoena, Plaintiff issued on July 19, 2012 (without waiver of any of its rights) a second subpoena to address BONY's position and objections.

On July 20, 2012, BONY produced some 69 documents limited essentially to statistical reports, ratings notices and liquidation notices, but no information identifying *any* actual Hudson 1 holders. Following yet additional negotiations, BONY's in-house counsel committed to producing records that identify two separate groups of Hudson 1 holders as a result of the July 2007 merger between BONY and Mellon Financial referred to, respectively, as "Legacy BNY" and "Legacy Mellon."[3]

---

[2] That this case involves private placements does not deprive Plaintiff of a presumption of reliance. To the contrary, where, as here, the case involves "primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision." *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153-54 (1972). *See also, e.g., Dodona I, LLC v. Goldman Sachs & Co.*, 847 F. Supp. 2d 624, 638-39 (S.D.N.Y. Mar. 21, 2012) ("Reliance may be presumed in two circumstances. First, 'in the case of omissions, reliance on the omitted information may be presumed where such information is material.'") (citing *Black v. Finatra Capital, Inc.*, 418 F.3d 203, 209 (2d Cir. 2005)); *In re Dynex Capital, Inc. Sec. Litig.*, No. 05-cv-1897(HB), 2011 U.S. Dist. LEXIS 22484, at *21 (S.D.N.Y. Mar. 7, 2011) ("The *Affiliated Ute* presumption applies here because 'the alleged omissions played an independent, or at least interdependent, role in the alleged fraud.'"); *In re Beacon Assocs. Litig.*, No. 09-cv-777(LBS), 2012 U.S. Dist. LEXIS 34520, at *36-44 (S.D.N.Y. Mar. 27, 2012).

[3] BONY also then acknowledged that it had culled some 8,000 emails relating to Hudson 1 using four keyword search terms for six unidentified custodians during the period 7/1/06 to 4/27/10. However, BONY declined to commit to produce or review all of these emails, and asked Plaintiff to propose a method to cull down the emails. In further discussions, we requested that BONY conduct certain electronic searches, which could be used to then cull down the emails for production; BONY was agreeable, although Plaintiff still awaits the results. In addition, BONY advised Plaintiff that it has other electronic documents related to Hudson 1; however, those documents have also yet to be produced.

# Berger&Montague,P.C.
ATTORNEYS AT LAW

The Hon. Debra Freeman
September 24, 2012
Page 3

On August 1, 2012, BONY produced a spreadsheet of Legacy Mellon data listing seven Hudson 1 purchasers. However, BONY has still failed to identify all such holders, produce the Legacy BNY data, or produce the underlying records such as trustee reports reflecting payments it made to such holders.

Independently, via subpoena to other entities, Plaintiff discovered that BONY also acted as a nominee or agent for Hudson 2 purchasers. Hence, on August 20, 2012, Plaintiff issued a third subpoena seeking that BONY identify all purchasers of both Hudson CDOs of which it is aware, without regard to whether BONY and its affiliates were acting as trustee, nominee or otherwise. On September 7, 2012, BONY agreed to "produce the identity of account holders with Hudson 1 and Hudson 2 CDO securities, and the amounts of their holdings and transactions and distributions in those securities[.]" Although BONY has to date identified certain such holders, it has also conditioned its production on seeking the consent of its Hudson purchaser clients, and unilaterally determined to delay production for another 30 days.

In sum, Plaintiff's interests squarely favor pursuing class certification promptly -- but on a sufficient record given its burden to demonstrate that each requirement is met. And after nearly four months have passed, BONY still has yet to identify all Hudson holders of which it is aware. BONY's repeated delays have materially impacted Plaintiff's ability to meet the October 19 filing deadline for class certification. Accordingly, Plaintiff seeks the Court's intervention to compel BONY to most urgently identify all Hudson 1 and 2 holders of which it is aware, and also to produce all other non-privileged documents it has already culled concerning Hudson 1.

We stand prepared to provide Your Honor with any further information.

Respectfully,

Lawrence J. Lederer

LJL:skn
cc via fax:   BONY's in-house counsel, Jonathan R. Goldblatt
              Counsel for All Defendants

kal5100274_920_1.doc