# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13

April 29, 2013

*Via Facsimile*

The Honorable Victor Marrero,
   United States District Judge,
      United States District Court, Southern District of New York,
         Daniel Patrick Moynihan United States Courthouse,
           500 Pearl Street,
              New York, New York 10007-1312.

      Re:    *Dodona I, LLC v. Goldman, Sachs & Co., et al.*,
             No. 10-CV-7497 (VM) (DCF)

Dear Judge Marrero:

        I write on behalf of defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem and Darryl K. Herrick (collectively, "Defendants") to request that the Court grant leave for Defendants to file a Memorandum of Law (the "Memorandum") of up to 35 pages in opposition to Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel (the "Motion"). Although we are mindful that Your Honor's individual practices permit page-limit extensions "only in rare cases," we respectfully submit that the facts and issues to be addressed in Defendants' Memorandum are particularly complex and justify the proposed extensions.

        Since the filing of Plaintiff's Motion on December 17, 2012, the parties have engaged in extensive additional discovery, including production of thousands of documents; receipt of production materials from more than a dozen non-parties (including absent class members); and depositions of current and former Goldman Sachs employees, Plaintiff's principal (Alan Brody), and Plaintiff's expert (Dr. Joseph Mason). Defendants' Memorandum and accompanying submissions will discuss the information obtained from this and other aspects of the case record. Because this putative class action involves both federal securities law claims and state common law claims relating to a "complex subspecies of financial instrument, the synthetic collateralized debt obligation," *Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 630-31 (S.D.N.Y. 2012), Defendants believe that the Court will benefit from the opportunity that the requested page enlargement would provide to address the facts and legal principles relevant to the resolution of Plaintiff's Motion. In particular, Defendants intend to address the extensive

The Honorable Victor Marrero
April 29, 2013                                                                                                         -2-

factual record to demonstrate that individualized issues predominate over common questions with respect to the putative class members' widely divergent investment strategies, levels of sophistication, knowledge, and purported reliance on Defendants. These issues are particularly relevant in light of this Court's holding that Plaintiff's allegations "do not suffice to plead an 'efficient market'" for the securities at issue, *see Dodona I, LLC*, 847 F. Supp. 2d at 651, and Plaintiff's acknowledgment in its Motion that no fraud-on-the market presumption of reliance applies (Motion at 19, n.8). Moreover, this Court has held that Plaintiff's claims will hinge on individualized factual issues of knowledge and reliance concerning, *inter alia*, the "import of publicly available information," whether Plaintiff (and by extension the putative class members) were "sophisticated," and whether they "should have uncovered the alleged fraud." *Dodona I, LLC*, 847 F. Supp. 2d at 649.

\*   \*   \*

Defendants have conferred with Plaintiff, which takes no position on the requested extension. This request will not affect any deadlines in this action. Thank you for your consideration.

Respectfully submitted,

*/s/ Richard H. Klapper*

Richard H. Klapper

cc:   All counsel of record (via facsimile and e-mail)

---

Request GRANTED. The page limitations provision of the Court's Individual Practices is modified to authorize _Defendants_ to file a brief not to exceed _30_ pages in connection with the motion _for class certification_ herein.

SO ORDERED.

5-9-13
DATE

VICTOR MARRERO, U.S.D.J.