1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague,P.C.
ATTORNEYS AT LAW

LAWRENCE J. LEDERER   ALSO ADMITTED IN DC

WRITER'S DIRECT DIAL | 215/875-4625
WRITER'S DIRECT FAX  | 215/875-4604
WRITER'S DIRECT E-MAIL | llederer@bm.net

April 30, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13

**By Fax (To (212) 805-6382)**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Dodona I, LLC v. Goldman, Sachs & Co., et al.*
      **10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)**

Dear Judge Marrero:

On behalf of lead plaintiff Dodona I, LLC ("Plaintiff"), this responds to the April 29, 2013 letter submitted by defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem and Darryl K. Herrick (collectively, "Defendants").

While Plaintiff takes no position on Defendants' request to expand, from 25 to up to 35, the pages for their memorandum in opposition to Plaintiff's Motion for Class Certification (Dkt. 107) that is due May 15, 2013, Plaintiff respectfully disagrees with the arguments Defendants advance in support of their request. First, Plaintiff advised Defendants that it took no position on Defendants' request as a courtesy only, in view of the Court's Individual Practice paragraph II.B., which states that the Court "will entertain written requests for exceptions to these page limitations only in rare cases where the facts and issues are particularly complex." But this does not mean that Plaintiff agrees that the issues on class certification are complex, let alone particularly so.

To the contrary, Plaintiff respectfully submits that the issues on class certification here are clear and straightforward as demonstrated in Plaintiff's opening memorandum (which is limited to 25 pages; *see* Dkt. 108), and that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied. Like the plaintiffs in *Anwar v. Fairfield Greenwich Ltd.*, 09 Civ 0118(VM), 2013 U.S. Dist. LEXIS 26088, at *36 (S.D.N.Y. Feb. 25, 2013), Plaintiff here alleges a series of "omissions by Defendants, in violation of federal securities laws, which ... affected all investors.

## Berger & Montague, P.C.
ATTORNEYS AT LAW

The Honorable Victor Marrero
April 30, 2013
Page 2

The critical issues for establishing liability in this case include whether Defendants engaged in a fraudulent scheme ..., whether Defendants acted with scienter, and whether Defendants' conduct injured members of the Class." Hence, and again as in *Anwar*, Plaintiff will "rely on similar evidence when establishing each of the foregoing issues at trial, and thus, common issues predominate over individual issues." *Id.* Tellingly, Defendants' April 29, 2013 letter (at p. 1) attempts to support their argument of complexity by citing Your Honor's statement that collateralized debt obligation securities ("CDOs") are a "complex subspecies of financial instrument[.]" *Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 630 (S.D.N.Y. 2012). But the fact that CDOs are complex securities does not mean that the class certification issues here are complex -- or any more complex than, for example, the privately-placed limited partnership interests at issue in *Anwar*, where the Court granted class certification.

Second, Defendants' arguments that class members had widely divergent investment strategies, levels of sophistication and knowledge are meritless. The Court rejected similar arguments in *Anwar*, 2013 U.S. Dist. LEXIS 26088, at *33, holding that "common questions of law and fact clearly predominate over any individual issues." Every securities class action includes investors of varying investment strategies and sophistication; in fact, the governing Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, actually encourages large, sophisticated investors to *lead* securities class actions. *See, e.g., Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 477 n.4 (S.D.N.Y. 2011) (holding that a securities class action is "a litigation that Congress has instructed should be guided by institutional investors") (citing S. Rep. No. 104-98, at 10-11 (1995), as reprinted in 1995 U.S.C.C.A.N. 679, 689-90 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'")). Under Defendants' view, however, such investors could not even *participate* in such actions, much less lead them. More fundamentally, Plaintiff alleges "that, when created in 2007, Goldman's Hudson securities were designed primarily not as instruments meant to earn returns for Goldman's clients, but to solve a huge internal problem Goldman then faced: its enormous financial exposure from Goldman's vast holdings of subprime mortgage-backed investments." *Dodona*, 847 F. Supp. 2d at 640. Thus, Defendants' "sophistication" argument also defies logic; indeed, no reasonable investor, however sophisticated, would have invested had it known the truth. *Accord Dodona*, 847 F. Supp. 2d at 649 ("However, even assuming that Dodona is sophisticated, it is unclear to the Court whether 'the information necessary to unmask the alleged fraud [would] have been accessible to the sophisticated party through minimal diligence.'") (citation omitted).

Third, Defendants are simply incorrect in asserting, at page two of their April 29 letter, that Your Honor "held that Plaintiff's claims will hinge on individualized factual issues of

# Berger&Montague, P.C.
ATTORNEYS AT LAW

The Honorable Victor Marrero
April 30, 2013
Page 3

knowledge and reliance[.]" The Court did not hold any such thing; in fact, that ruling did not even involve the question of whether Plaintiff will rely on common evidence to establish its claims classwide or even class certification at all, but instead addressed Defendants' motions to dismiss. And as Plaintiff's opening memorandum (Dkt. 108) and accompanying preliminary evidence likewise makes clear (*see* Dkt. 109-1 through 109-18, 109-22 through 109-31; also unredacted version filed under seal), there is simply no doubt that Plaintiff intends to rely on common evidence to establish its claims, and thus that common issues predominate overwhelmingly over any individual issues Defendants seek to manufacture. *See also* Lead Plaintiff Dodona I, LLC's Proposed Trial Plan (Dkt. 109-21) at §§ II and III (specifying examples of specific evidence Plaintiff intends to use to demonstrate, respectively, liability and damages on a classwide basis). *Accord In re Smith Barney Transfer Agent Lit.*, 05 Civ. 7583(WHP), 2013 U.S. Dist. LEXIS 44677, at *19 (applying *Affiliated Ute* presumption of reliance and certifying class; "Because the omissions are material, *Smith Barney*, 595 F.3d at 95, and because there was a duty of disclosure ... class-wide reliance is presumed."). Similarly, Defendants' reference to the "import of publicly available information" and whether investors "should have uncovered the alleged fraud" raise fact issues to be decided by a jury.

Finally, Defendants' letter also creates the misimpression that discovery has proceeded orderly. Once again to the contrary, Defendants omit that, to date, and despite Plaintiff's repeated requests, Defendants have produced only *three* Goldman witnesses for deposition; have still refused to produce categories of clearly relevant documents, such as email for several Goldman witnesses they have agreed to produce for depositions (based on already-agreed to narrowed search terms and a narrowed time period); and have delayed repeatedly in even producing already agreed-to documents, among other things. These facts caused Plaintiff to seek Judge Freeman's intervention who, on April 18, 2013, convened a discovery conference. The parties are presently scheduled to submit further papers to Judge Freeman on May 7, 2013. Plaintiff does not expect that the parties' ongoing discovery disputes will impact class certification briefing. However, Plaintiff does expect that the parties will have to seek Judge Freeman's intervention to resolve these ongoing discovery disputes which pertain to the merits of the claims.

Respectfully,

Lawrence J. Lederer

LJL:skn
cc via Fax: Counsel of Record

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

SO ORDERED.

5-9-13
DATE          VICTOR MARRERO, U.S.D.J.