# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558 3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13

April 30, 2013

*Via Facsimile to (212) 805-6382*

The Honorable Victor Marrero,
    United States District Judge,
        United States District Court, Southern District of New York,
            Daniel Patrick Moynihan United States Courthouse,
                500 Pearl Street,
                    New York, New York 10007-1312.

        Re:    *Dodona I, LLC v. Goldman, Sachs & Co., et al.,*
                No. 10-CV-7497 (VM) (DCF)

Dear Judge Marrero:

        I write on behalf of defendants Goldman, Sachs & Co. ("Goldman Sachs"), The Goldman Sachs Group, Inc., Peter L. Ostrem and Darryl K. Herrick (collectively, "Defendants") in response to Plaintiff's April 30, 2013 letter presenting three pages of substantive argument in response to Defendants' simple request for a modest page-limit extension, which Plaintiff does not oppose.

        Defendants will not burden the Court with a detailed response to the substantive issues addressed in Plaintiff's letter, which are more appropriately reserved for our brief and argument. But Plaintiff's arguments on the merits do underscore why sufficient briefing is required to address Plaintiff's demonstrably erroneous portrayal of this case as a simple "omission" action involving Goldman Sachs' alleged "short" strategy, which ignores such critical facts as (i) the offering materials for the Hudson CDOs repeatedly disclosed that an affiliate of Goldman Sachs was taking the entire short position in these synthetic CDOs; (ii) members of the putative class were aware that financial institutions were using similar transactions to reduce their long exposure to subprime mortgage-backed securities, including at least two investors who were aware that Goldman Sachs was using the transactions to "offset" its long exposure and to "provide credit protection on a RMBS portfolio for Goldman Sachs"; (iii) Alan Brody, Plaintiff's managing member, testified that he relied on a Goldman Sachs employee's alleged *affirmative oral statements* directly to him that the Hudson CDOs had not been structured "to remove risk from the firm" (as opposed to purported "omissions"); and

CONTAINS CONFIDENTIAL INFORMATION PER COURT'S JULY 18, 2012 PROTECTIVE ORDER

The Hon. Victor Marrero
April 30, 2013

-2-

(iv) the small number of highly sophisticated investors and investment advisors had markedly varying reasons for investing in the Hudson CDOs.

\*           \*           \*

Respectfully submitted,

*Richard H. Klapper*

Richard H. Klapper

cc: All counsel of record (via Facsimile and e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _defendants_.

**SO ORDERED.**

5-9-13
DATE

VICTOR MARRERO, U.S.D.J.

---

CONTAINS CONFIDENTIAL INFORMATION PER COURT'S JULY 18, 2012 PROTECTIVE ORDER

-2-