# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM



*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 12, 2013

*Via Hand Delivery*

The Honorable Victor Marrero,
    United States District Judge,
        United States District Court, Southern District of New York,
            Daniel Patrick Moynihan United States Courthouse,
                500 Pearl Street,
                    New York, New York  10007-1312.

> Re:     *Dodona I, LLC* v. *Goldman, Sachs & Co., et al.*,
>          No. 10-cv-7497 (VM) (DCF)

Dear Judge Marrero:

I write on behalf of defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem and Darryl K. Herrick (collectively, "Defendants") in brief response to Dodona's November 8, 2013 letter to the Court (the "Dodona Letter"). Defendants refrained from engaging in extensive discussion of the three decisions enclosed with our November 7, 2013 letter in order to avoid a substantive debate with Dodona. Defendants must, however, make several observations regarding the substantive arguments made in Dodona's letter.

First, Dodona distorts the allegations and holding in *In re Lehman Bros. Securities & ERISA Litigation*, No. 11 Civ. 5112 (LAK), 2013 WL 5730020 (S.D.N.Y. Oct. 22, 2013). Dodona contends that *Lehman* is distinguishable from this action because it was decided on a motion to dismiss, and because plaintiffs in *Lehman* "conceded that their 'Amended Complaints allege fraud in terms of both misrepresentations and omissions . . . .'" (Dodona Letter at 1.) But Judge Kaplan's holding that *Affiliated Ute* did not apply has import both for dismissal and class certification. Moreover, Dodona's selective quoting fails to disclose that Judge Kaplan held that *Affiliated Ute* did not apply despite the *Lehman* plaintiffs' argument that "[w]hile the Amended Complaints allege fraud in terms of both misrepresentations and omissions, *this case is primarily about fraudulent concealment*." *Lehman*, 2013 WL 5730020, at *3 n.38 (emphasis added). Having pleaded affirmative misstatements, Dodona advances precisely the same argument in this action.[1] Like the plaintiffs in *Lehman*, Dodona "could—and,

---

[1]     Dodona's opposition to Defendants' motion to dismiss included a subheading titled "Plaintiff Alleges Actionable Misstatements and Omissions." (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss p. 20, ECF No. 62.) Although this Court initially indicated that Dodona's claims "sound[ed] in omission,"

Hon. Victor Marrero                                                                          -2-
November 12, 2013

indeed, did—plead reliance on certain of defendants' statements." *Id.* at *3. Dodona therefore "do[es] not have the benefit of the [*Affiliated Ute*] presumption of reliance." *Id.* at *4.

Dodona also fails to address Judge Forrest's decision in *IBEW Local 90 Pension Fund* v. *Deutsche Bank AG*, No. 11 Civ. 4209 (KBF), 2013 WL 5815472 (S.D.N.Y. Oct. 29, 2013), except to: (1) note that *IBEW Local 90* involved a purported fraud-on-the-market, which Dodona concedes it cannot demonstrate here; and (2) restate arguments from its opposition to Defendants' motion to dismiss that have no discernible connection to the class certification issues raised in *IBEW Local 90*. The central significance of the Court's decision in *IBEW Local 90* for these purposes, however, is that class certification must be denied where a presumption of class-wide reliance has been rebutted or where a named plaintiff's trading strategy raises individualized questions of reliance, loss causation or damages. Dodona's claims are similarly flawed, for the reasons discussed in Defendants' opposition to Dodona's motion for class certification.

Finally, Dodona argues that the Second Circuit's discussion of loss causation in *Central States, Southeast & Southwest Areas Pension Fund* v. *Federal Home Loan Mortgage Corp.*, No. 12-4353-cv, 2013 WL 5911476 (2d Cir. Nov. 5, 2013) (summary order), is irrelevant here because this Court has already addressed loss causation in denying Defendants' motion to dismiss. The significance of *Central States,* however, is that it addresses important aspects of loss causation that class members must *prove* in order to have a claim—*i.e.*, that the alleged corrective disclosures cannot have post-dated the alleged losses. Here, despite Dodona's distortion of its loss causation allegations to suggest that corrective disclosure occurred through ratings downgrades, the causation section of Dodona's Amended Complaint alleges that "investors *began to learn the truth* regarding the Hudson CDO Securities and Goldman's own financial interests in connection therewith" *after* the investment losses were already realized, "when the Senate Subcommittee obtained testimony from seven Goldman officials and released its findings concerning certain of Goldman's mortgage-related practices[.]" (Am. Compl. ¶ 161, ECF No. 40 (emphasis added).)

Defendants would be pleased to discuss further the significance of these decisions in a written submission or at oral argument.

Respectfully submitted,

*Richard H. Klapper* - JMC

Richard H. Klapper

cc:     All counsel of record (via e-mail)

---

Defendants respectfully submit that as discussed in Defendants' opposition to Dodona's motion for class certification, extensive fact discovery (including deposition testimony of Dodona's principal) has demonstrated that Dodona's claims are heavily based on alleged misstatements and do not warrant application of the *Affiliated Ute* presumption.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Defendants*.

SO ORDERED.

11-13-13
DATE          VICTOR MARRERO, U.S.D.J.