1622 LOCUST STREET ǀ PHILADELPHIA, PA 19103-6305 ǀ *phone* 215/875-3000 ǀ *fax* 215/875-4604 ǀ *www.bergermontague.com*

# Berger&Montague,P.C.
ATTORNEYS AT LAW

| | |
|---|---|
| **LAWRENCE J. LEDERER** | *ALSO ADMITTED IN DC* |
| WRITER'S DIRECT DIAL | 215/875-4625 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | *llederer@bm.net* |

February 20, 2014

**By ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Dodona I, LLC v. Goldman, Sachs & Co., et al.,* 10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)

Dear Judge Freeman:

We represent lead plaintiff Dodona I, LLC ("Plaintiff") and the class. On Feb. 18, 2014, defendants Goldman, Sachs & Co., *et al.* (collectively, "Defendants") submitted a letter to Judge Marrero seeking to extend the deadline for the filing of summary judgment motions until 21 days after class members may opt out of, or enter separate appearances in, this litigation -- *i.e.,* for an indeterminate period of months or more. By order filed the following day, Judge Marrero directed Defendants to address this matter to Your Honor (Dkt. 139). By facsimile today, Defendants sent to Your Honor a copy of Judge Marrero's order and Defendants' Feb. 18 letter (Dkt. 139). For the reasons that follow, the Court should deny Defendants' request.

Extending the deadline for summary judgment motions would disserve the interests of absent class members Defendants purport to protect, based purely on speculation, and would result in unfair delay. As an initial matter, while Rule 23(c)(2)(B) directs that notice must be given to absent class members, Defendants are incorrect that such notice must "*now* ... be provided*" (Defs' letter at 2) (emphasis added). To the contrary, Defendants omit both that the Court retains discretion as to the timing of notice and further that where, as here, a Fed. R. Civ. P. 23(f) petition is pending, the district court "should ordinarily stay the dissemination of class notice ...." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.28 (2014).[1] *Accord* 7AA WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1788 ("the court has great discretion and flexibility in determining what is the best notice procedure to utilize under the circumstances

---

[1]      By order filed Jan. 23, 2014, Judge Marrero certified the class in this litigation. *See Dodona I, LLC v. Goldman, Sachs & Co., et al.,* --- F.R.D. ---, 2014 WL 300723, 2014 U.S. Dist. LEXIS 9681 (S.D.N.Y. Jan. 23, 2014). On Feb. 7, 2014, Defendants filed a petition for review of that ruling in the U.S. Court of Appeals for the Second Circuit. *See Dodona I, LLC v. Goldman, Sachs & Co., et al.,* Dkt. 14-419 (2d Cir. Feb. 7, 2014). Plaintiff filed its opposition to Defendants' Rule 23(f) petition on Feb. 18, 2014. *Id.* at Dkt. 10. Defendants' petition remains pending in the Second Circuit.

# Berger&Montague,P.C.
ATTORNEYS AT LAW

The Hon. Debra Freeman
February 20, 2014
Page 2

of the case at hand"); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94
(D.D.C. 2012) (staying class notice until after court of appeals has acted on Rule 23(f) petition).
Here, in addition, several other reasons militate against extending the deadline for summary
judgment motions.

     First, Defendants admit in their letter (at p.3 n.4) that they "intend to move for summary
judgment on issues common to all class members and issues directed at various individual class
members." Therefore, contrary to Defendants' position that class members will be deprived of
their right to enter separate appearances or respond individually, class members will indisputably
be more informed if class notice follows, rather than precedes, the filing of Defendants'
summary judgment motions. The notice can then also advise class members concerning relevant
aspects of Defendants' summary judgment motions. At the same time, Defendants state (at p.4)
that "[a]ll discovery in the case–fact and expert–has been completed" (although they omit that
Goldman still must produce certain agreed-upon Rule 30(b)(6) witnesses, among other things),
and that they have already developed their evidence and their arguments concerning summary
judgment. Thus, Defendants neither do nor could reasonably claim that *they* would be
prejudiced by adhering to the long-established March 3, 2014 deadline to move for summary
judgment.[2]

     Second, Defendants' position ignores that, as recognized in one of the very cases they
cite, the Court may defer ruling on any summary judgment motions "until after class definition
issues are settled, notice has been given, and the period for class members to exclude themselves
has expired ...." *Gomez v. Rossi Concrete Inc.*, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17,
2011). However, deferring a ruling on summary judgment pending notice to the class does not
mean that the filing of summary judgment motions should be delayed, or that Defendants should
be able to use any such delay to re-litigate class certification issues. To the contrary, Plaintiff
seeks only to hold Defendants to the existing schedule so that the case may be ready for trial
subject to the Court's ruling on summary judgment. Along these lines, Defendants' letter states
(at p.3) (emphasis added) that "[r]equiring briefing of summary judgment motions *on the current
schedule* would deprive [absent class member] entities of their rights" but omits that Your
Honor's current Scheduling Order (Dkt. 126 at § 8(b)) does not establish any such briefing
schedule, and instead requires that the parties "meet and confer regarding a briefing schedule."
More fundamentally, Defendants' position is at odds with itself. If Defendants' goal really is to
enable class members "to appear in the Action and respond through their own counsel to issues

---

[2]    *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995), the sole case Defendants cite, is not to the contrary,
but instead involved a motion by defendants for an order directing the distribution of notice to the class "[a]lmost six
months after the" district court granted defendants summary judgment. In fact, the Ninth Circuit explicitly
recognized there that "the history, purpose, and language of Rule 23(c)(2) indicate that it only contemplates
notification of the class *before* a final judgment has been rendered on the merits[.]" *Id.* at 296.

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

The Hon. Debra Freeman
February 20, 2014
Page 3

in summary judgment motions directed at them individually, or to opt out of the Action entirely"
as they state (at p.3), that clearly counsels in favor of summary judgment motions being filed
before, not after, the class notice process.

In the circumstances, Defendants' "one-way intervention" argument is as inapt as it
would be if made at the motion to dismiss stage, where a court's ruling may similarly impact
class member rights. Defendants cite no case, either in this Circuit or otherwise, supporting the
rule that they apparently advocate here – namely, that the filing of summary judgment motions
should be deferred until after completion of the Rule 23 notice process to the class in cases
where a class has been certified.[3]

Finally, Defendants' speculation regarding what class members may or may not do
provides no basis to extend the summary judgment schedule, and none of the cases Defendants
cite suggests, let alone holds, otherwise. This litigation was filed in September 2010. Fact and
expert discovery is substantially complete; the Second Circuit will rule in due course on
Defendants' Rule 23(f) petition; and, as Defendants acknowledge, summary judgment is the final
pre-trial phase of this case. If the Defendants have a specific conflict with the March 3, 2014
deadline, Plaintiff will not oppose a short extension to that deadline and have previously
accorded such courtesies to Defendants' prior requests for extensions. However, Defendants
make no showing that delaying summary judgment indefinitely is required to serve any of *their*
own interests, and any such delay, particularly of the magnitude Defendants request, will
prejudice Plaintiff's ability to fairly prosecute this case for the class it represents.

Respectfully submitted,

Merrill G. Davidoff
Lawrence J. Lederer

MGD/LJL:ss
cc by ECF and email: All counsel of record

---

[3]      The two cases Defendants do cite, *Kerkhof v. MCI Worldcom, Inc.*, 282 F.3d 44, 54-55 (1st Cir. 2002) and
*Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000), are not to the contrary
and are distinguishable. *Kerkhof*, 282 F.3d at 48, involved a request by the plaintiff to certify a class "post-
summary judgment" and *Phillip Morris*, 214 F.3d at 135, did not even involve summary judgment, but instead the
district court's alleged failure to issue its ruling on class certification "in the face of repeated requests by the
petitioner and with trial imminent."