1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

LAWRENCE J. LEDERER — ALSO ADMITTED IN DC
WRITER'S DIRECT DIAL | 215/875-4625
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | llederer@bm.net

February 24, 2014

**By ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  *Dodona I, LLC v. Goldman, Sachs & Co., et al.,* 10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)

Dear Judge Freeman:

    On behalf of lead plaintiff Dodona I, LLC ("Plaintiff") and the class, this responds to the Feb. 21, 2014 letter (Dkt. 142) of defendants Goldman, Sachs & Co., *et al.* (collectively, "Defendants"). The Court should reject Defendants' request for an indeterminate delay in the filing of summary judgment motions.

    First, Defendants claim in their Feb. 21 letter that filing summary judgment before completion of the class notice process has "due process and other implications" (Dkt. 142 at p.1). But Defendants do not identify any such due process concern or cite any case or other authority supporting that argument. That is predictable given that we are unaware of any case holding that class notice must precede summary judgment in a class action as a matter of law, especially where, as here, a class has been certified and a Rule 23(f) petition is pending. Defendants' position, at most, amounts to a complaint of alleged undue burden since they may have to devote a few pages in their opening brief in support of summary judgment to discussing their defenses as to some unnamed class members who may ultimately opt out. However, that hardly implicates any due process concern. That is particularly so here since there is no dispute that discovery is substantially complete, and Defendants therefore already have the evidence and their arguments to move for summary judgment as they admit. *See* Dkt. 139 at p.2 n.2 (identifying specific grounds on which Defendants will seek summary judgment).

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

The Hon. Debra Freeman
February 24, 2014
Page 2

In the circumstances, there is no reason to grant Defendants an indeterminate delay of at least months to move for summary judgment, let alone call for the Court to endorse the extreme rule Defendants propose that completion of the class notice and opt out process must precede summary judgment in a certified class action. Such a rule would also undermine the principle that "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). That the class includes some sophisticated institutions who have their own counsel and who have also been sued in other cases neither alters this analysis, nor is even relevant.[1]

Second, Defendants again ignore that, far from being prejudiced as they originally contended (but now appear to have abandoned), class members will indisputably be better informed and therefore better able to exercise their rights if summary judgment motions precede, rather than follow, class notice. The class notice can then summarize any such summary judgment motions and absent class members' rights. By contrast under Defendants' "notice first" argument, class members might not be notified as to whether they are even subject to Defendants' summary judgment motions, much less the nature of Defendants' position and arguments. That, in turn, would result in a significantly incomplete notice, potentially prejudice class members' opt out or individual appearance decisions, and require a supplemental or even corrective notice after summary judgment motions are filed.[2]

Finally, Defendants' arguments are also premised on the erroneous assumption that only they are entitled to move for summary judgment. To the contrary, Plaintiff is bound by Your

---

[1] Plaintiff has requested that Defendants and their counsel agree to not communicate with any class members concerning any aspect of this litigation pending conclusion of this litigation, including any such class member's decision to remain in or opt out of the class. Defendants have thus far not responded to Plaintiff's request. Absent Defendants' prompt agreement to restrict such communications, Plaintiff intends to seek the intervention of the Court.

[2] The pendency of Defendants' Rule 23(f) petition before the Second Circuit also supports deferring notice as the authorities cited in Plaintiff's Feb. 20, 2014 letter (Dkt. 140 at pp.'s 1-2) hold. Defendants' claim in their Feb. 21 letter (Dkt. 142 at p.2 n.1) that this rule "is inapposite" because it "does not contemplate the situation where, as here, the class was certified mere weeks before the deadline for summary judgment motions" is nonsense. The rule deferring class notice until after Rule 23(f) petitions are decided has nothing to do with the timing of summary judgment, but instead is rooted in the principle that deferring class notice will "avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.28 (2014). Those same concerns are present whether summary judgment precedes, or follows, class notice.

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

The Hon. Debra Freeman
February 24, 2014
Page 3

Honor's Scheduling Order (Dkt. 126 at ¶ 8(b)) as well. Defendants also speculate that Plaintiff will seek to delay briefing on summary judgment. Again to the contrary, the parties are required by Your Honor's Scheduling Order to meet and confer regarding a briefing schedule as Defendants now acknowledge, and Plaintiff is amenable to any reasonable schedule the Defendants may propose and as the circumstances may warrant. But in contrast to Defendants' position which would deprive class members of potentially critical information, requiring summary judgment motions to be filed before class notice is distributed will ensure that class members are fully apprised of their rights and may make informed decisions regarding their options.

Respectfully submitted,

Merrill G. Davidoff
Lawrence J. Lederer

MGD/LJL:ss
cc by ECF and email: All counsel of record