1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague,P.C.
ATTORNEYS AT LAW

LAWRENCE J. LEDERER   ALSO ADMITTED IN DC
WRITER'S DIRECT DIAL | 215/875-4625
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | llederer@bm.net

March 20, 2014

**By ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: ***Dodona I, LLC v. Goldman, Sachs & Co., et al.,* 10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)**

Dear Judge Freeman:

    We represent lead plaintiff Dodona I, LLC ("Plaintiff") and the certified class. We write to provide additional facts to the Court relevant to Plaintiff's request (Dkt. 144, 147) for an order prohibiting Defendants and their counsel from communicating with class members to influence their decision to remain in or opt out of the class.

    Subsequent to Plaintiff's Feb. 25, 2014 opening (Dkt. 144) and March 3, 2014 reply (Dkt. 147) submissions and the opposition (Dkt. 145) and sur-reply (Dkt. 148) submissions of defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively, "Goldman") and former Goldman employees Peter L. Ostrem and Darryl K. Herrick (collectively with Goldman, the "Defendants"), one of Defendants' counsel had such communications with representatives of two class members. In particular, a lawyer employed by one of the two law firms representing Goldman Sachs -- specifically, Brett Jaffe of Cohen & Gresser -- sent emails to, and spoke with, representatives of two class members "during which I [Mr. Jaffe] explained the facts as I understood them relating to [these two Class members'] respective purchases of Hudson CDO securities and I [Mr. Jaffe] indicated that Goldman Sachs would appreciate knowing if their firms have positions regarding participation in classes of the type involved in the Dodona litigation." *Quoting* March 19, 2014 email from Mr. Jaffe to Larry Lederer.[1]  Mr. Jaffe also stated that his emails to these class members "informed the recipients of the existence of the case and the certification of an investor class" and that "[a]lthough I [Mr.

---

[1] Cohen & Gresser filed its notice of appearance in this litigation on Nov. 21, 2012, well after this litigation had been commenced on Sept. 30, 2010. Defendants advised Plaintiff that Cohen & Gresser was retained as co-counsel for the two Goldman Sachs defendants because Sullivan & Cromwell, which represents all four Defendants, also represents certain class members in other matters.

## Berger & Montague, P.C.
ATTORNEYS AT LAW

The Hon. Debra Freeman
March 20, 2014
Page 2

Jaffe] did not indicate why I had made the inquiry, the inquiries to [the two Class members] were made in connection with efforts to identify the range of issues that potentially could be included in summary judgment motions." *Id.*

Mr. Jaffe is also the individual that, under the guise of Goldman's subpoenas to several class members, sought changes to a declaration on which Defendants so heavily rely and submitted with their opposition to class certification that would have stated that omissions about the Hudson CDOs would *not* have been material to that investor. *See* Dkt. 128-2 at ¶¶ 139-40. *See also* Dkt. 128-19, Exhibit 17 (containing Mr. Jaffe's May 6-7, 2013 emails to that class member's counsel, plus Mr. Jaffe's draft declaration with "track changes attached") (filed under seal). The actual declaration that Defendants filed rejected Mr. Jaffe's proposed text, but Defendants failed to disclose any of this to Judge Marrero. Defendants' tactics are even more inexcusable given that Plaintiff's claims are based on omissions. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 646 (S.D.N.Y. 2012).

The narrow relief Plaintiff seeks is particularly important here. The Class includes approximately 74 members. *See* Dkt. 119 at ECF p. 37. Defendants also subpoenaed 19 of those entities ostensibly to obtain documents and conduct depositions; surreptitiously obtained two declarations but did not take a single such deposition; do not deny that Goldman continues to have ongoing business relationships with certain class members; and now admit that Goldman's counsel *initiated* communications with two class members "subsequent to class certification" regarding both summary judgment and whether "their firms have positions regarding participation in classes of the type involved" here. *Quoting* Mr. Jaffe's March 19, 2014 email. In contrast, neither Plaintiff nor class counsel has initiated *any* contact with any class member at *any* time in this litigation.

Defendants should not be permitted to unilaterally solicit and attempt to "pick off" absent class members. That remains so whether or not the class member is big, sophisticated, or itself is represented by in-house or outside counsel. Several class members purchased Hudson CDO securities for the benefit of other investors or investment vehicles that, in turn, themselves may or may not be big or sophisticated -- and to whom those class members may owe fiduciary or other duties. Defendants neither do nor could dispute that several class members invested in the Hudson CDOs for others since they, via one of their proffered experts, submitted an extensive analysis that details class member transactions, describes the purchaser and the purchaser's involvement in the CDO and residential mortgage-backed securities markets, and describes the purchaser's purported "Investment Process and Reason for Purchasing the Hudson Notes[.]" *See* Dkt. 120-1 at Appendix C (filed under seal).

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

The Hon. Debra Freeman
March 20, 2014
Page 3

     Nor do the Defendants dispute that the Court has the discretion to direct that they and their counsel be prohibited from communicating with class members to influence their decision to remain in or opt out of the class, as the multiple authorities in Plaintiff's prior submissions make clear. *See* Dkt. 144, 147. In fact, counsel's conduct here also raises ethical concerns particularly given that the class has been certified, as in *Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1879922, at *2 (E.D.N.Y. May 10, 2010) ("Therefore, upon certification, defense counsel is bound by New York Rule of Professional Conduct 4.2(a), which provides that 'a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.'"). *Accord Romano v. SLS Residential Inc.*, 253 F.R.D. 292, 296-97 (S.D.N.Y. 2008) ("Courts have found abusive communications warranting such an order to include communications that affect class members' decisions regarding whether to participate in the litigation ....") (citing cases).

     Even more fundamentally, Fed. R. Civ. P. 23 directs that "[f]or any class certified under Rule 23(b)(3), ***the court*** must direct to class members the best notice that is practicable under the circumstances ...." *Quoting* Fed. R. Civ. P. 23(c)(2)(B) (emphasis added). In accordance with the Court's Third Revised Scheduling Order (Dkt. 149) filed March 5, 2014 which directed that notice precede the filing of summary judgment motions, Plaintiff has drafted a proposed notice program; solicited and is reviewing bids from seven national notice agent firms; and anticipates submitting the proposed notice program to the Court for its approval soon. As the text and spirit of Rule 23 contemplate, class members should be apprised of this litigation and their respective rights regarding the certified class not from the selective and biased *ex parte* views of defense counsel, but instead from the notice program that the Court actually approves under Fed. R. Civ. P. 23(c)(2)(B).

                                                     Respectfully submitted,

                                                     Merrill G. Davidoff
                                                     Lawrence J. Lederer

MGD/LJL:ss
cc: Counsel for All Defendants (via ECF and email)