1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  phone 215/875-3000  |  fax 215/875-4604  |  www.bergermontague.com



# Berger&Montague, P.C.
ATTORNEYS AT LAW

**LAWRENCE J. LEDERER**  ALSO ADMITTED IN DC

WRITER'S DIRECT DIAL | 215/875-4625
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | llederer@bm.net

July 2, 2014

**By ECF**

The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

  Re: *Dodona I, LLC v. Goldman, Sachs & Co., et al.*
    **10 Civ. 7497 (VM)(DCF) (S.D.N.Y.)**

Dear Judge Freeman:

  We represent lead plaintiff Dodona I, LLC ("Plaintiff") and the class.

  This replies to the July 1, 2014 submission (Dkt. 164) of the Goldman Sachs defendants (collectively, the "Defendants"). Lead Plaintiff agrees to Defendants' proposal regarding the five business day timeframe for the mailing of the proposed revised class notice to potential nominee purchasers under § 11 of the class notice, as Defendants seek. A proposed Second Revised Order which includes this proposal in full (at ¶ 2) is attached.

  Accordingly, and as set forth in Plaintiff's June 30, 2014 submission (Dkt. 163) and at least implicitly in Defendants' July 1 response, the parties agree on all other aspects of the proposed revised class notice and notice program, except for a few remaining sentences of text in the proposed revised class notice. *See* Dkt. 163-2.[1] Further, the parties' positions on these few

---

[1]  Defendants do not state in their July 1 response whether they object to the additional edits to §§ 2 and 8 of the revised class notice that Plaintiff proposed and submits are necessary given the Second Circuit's June 27, 2014 denial of Defendants' petition under Fed. R. Civ. P. 23(f) to appeal Judge Marrero's Order certifying the class. In any event, to try to facilitate this Court's review, those edits are also highlighted in the redlined version of the proposed revised class notice that Plaintiff filed on June 30, 2014 (*see* Dkt. 163-2).



The Honorable Debra Freeman
July 2, 2014
Page 2

remaining disputed sentences in the proposed revised class notice are set forth in their respective briefs (*see* Dkt. 157, 158).

      We stand prepared to provide any additional information as the Court may direct.

                                  Respectfully submitted,

                                  Merrill G. Davidoff
                                  Lawrence J. Lederer

Enclosure
cc via ECF filing:  Defendants' Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
::
DODONA I, LLC, on Behalf of Itself :
and All Others Similarly Situated, :
::
          Plaintiff, :
:       10 Civ. 7497 (VM)(DCF)
v. :
:
GOLDMAN, SACHS & CO., THE :       ECF CASE
GOLDMAN SACHS GROUP, INC., :
PETER L. OSTREM and :
DARRYL K. HERRICK, :
::
          Defendants. :
---------------------------------------------------------x

**[PROPOSED] SECOND REVISED ORDER GRANTING LEAD
PLAINTIFF'S MOTION FOR AN ORDER APPROVING NOTICE
TO CLASS MEMBERS AND NOTICE PROCEDURES**

      WHEREAS, by Order on January 23, 2014, this Court certified this litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a Class of persons and entities "'who, from their initial offering through April 27, 2010, purchased or otherwise acquired the Hudson CDOs in the United States, and were damaged thereby.'" *Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261, 264 (S.D.N.Y. 2014) (Dkt. 138) (citation omitted).[1] That Order also appointed lead plaintiff Dodona I, LLC ("Plaintiff") to serve as the Class representative and Plaintiff's lead counsel, Berger & Montague, P.C., to serve as lead counsel for the Class;

      WHEREAS, Plaintiff has now filed its Motion for an Order Approving Notice to Class Members and Notice Procedures (the "Motion to Approve Class Notice") pursuant to Fed. R. Civ. P. 23(c)(2) seeking an order approving the form of notice and procedures to be used in

---

[1] The Hudson CDOs include $837 million of notes issued or co-issued by Hudson Mezzanine Funding 2006-1, Ltd. or Hudson Mezzanine Funding 2006-1, Corp. (the "Hudson 1 CDO") and $407.9 million of notes issued or co-issued by Hudson Mezzanine Funding 2006-2, Ltd. or Hudson Mezzanine Funding 2006-2, Corp. (the "Hudson 2 CDO").

providing notice of this class action to putative members of the certified Class;

WHEREAS, prior to filing its motion, lead Class counsel provided defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem and Darryl K. Herrick (collectively, the "Defendants") with drafts of Plaintiff's initial proposed class notice and summary notice (the "Summary Notice") which are attached as Exhibits 1 and 2, respectively, to the memorandum of law accompanying Plaintiff's Motion to Approve Class Notice, and the parties have agreed on the content of the proposed Summary Notice in full, and the proposed Class Notice in large part;

WHEREAS, following the May 13, 2014 filing of Defendants' opposition to Plaintiff's Motion to Approve Class Notice, Plaintiff requested and the parties held an additional meet and confer in an effort to further resolve or narrow the parties' disputes;

WHEREAS, on May 19, 2014, Plaintiff filed a reply memorandum in further support of its Motion to Approve Class Notice, which attached a revised proposed class notice (the "Class Notice") as Exhibit A to that memorandum;

WHEREAS, by Order on June 27, 2014, the U.S. Court of Appeals for the Second Circuit denied Defendants' Petition, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, for leave to appeal this Court's Order granting class certification;

WHEREAS, on June 30, 2014, Plaintiff submitted a further revised proposed Class Notice that described the ruling of the U.S. Court of Appeals for the Second Circuit denying the Defendants' Rule 23(f) petition (Dkt. 163), and Defendants submitted opposition (Dkt. 164) to which Plaintiff replied;

WHEREAS, lead Class counsel seeks that the notice program be administered by the national class action administration and notice firm, Heffler Claims Group LLC ("Heffler"),

which lead Class counsel selected after receiving and analyzing bids from seven experienced national firms specializing in class action notice procedures and administration;

WHEREAS, the Court has considered the parties' respective submissions and all papers and argument filed in support of and in opposition to Plaintiff's Motion to Approve Class Notice as subsequently revised by Plaintiff;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Approve Class Notice as revised is granted.

2. Lead Class counsel is hereby authorized to retain Heffler to administer the notice program. As part of its duties, Heffler shall: within 14 days from the date of this Order, mail the Class Notice to each of the over 70 putative members of the Class (or their successors, as the case may be) that have already been identified in the proceedings to date; cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and via *PR Newswire* within 21 days from the date of this Order; contact and send the Class Notice to certain brokerage firms, securities nominees and other financial institutions that may have purchased or held Hudson CDO notes for the beneficial ownership of others; send the Class Notice by first class mail, within five business days after the Notice Administrator receives notice from a potential nominee purchaser pursuant to § 11 of the Class Notice, to all such potential nominee purchasers and certify in writing that the Notice Administrator has done so; and, under the supervision of lead Class counsel, take all other reasonable steps in giving notice of the pendency of this class action litigation to putative members of the Class.

3. Any Class member that wishes to be excluded from the Class may do so by sending to Heffler a letter or other written direction within 45 days from the date of Heffler's initial mailing of the Class Notice. The letter or other written direction must set forth such person or entity's name, address and telephone number; state that such person or entity requests

3

exclusion from the Class; contain proof of purchase or a statement indicating a purchase of any Hudson CDO notes; and be signed by such person or a duly authorized representative of such person or entity.

4. The Court finds that the foregoing notice processes constitute the best notice practicable in the circumstances of this litigation, including individual notice to all putative members of the Class who can be identified through reasonable effort. The Court also finds that the Class Notice clearly and concisely states in plain, easily understood language each of the matters set forth in Fed. R. Civ. P. 23(c)(2)(B), among other things, and conforms with due process and all other applicable law.

Dated:          New York, New York