```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
DODONA I, LLC, on Behalf of Itself
and All Others Similarly Situated,

        Plaintiff,

v.

GOLDMAN, SACHS & CO., THE
GOLDMAN SACHS GROUP, INC.,
PETER L. OSTREM and
DARRYL K. HERRICK,

        Defendants.
-----------------------------------------------------------x

10 Civ. 7497 (VM)(DCF)

ECF CASE

### [PROPOSED] THIRD REVISED ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR AN ORDER APPROVING NOTICE TO CLASS MEMBERS AND NOTICE PROCEDURES

WHEREAS, by Order on January 23, 2014, this Court certified this litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a Class of persons and entities "'who, from their initial offering through April 27, 2010, purchased or otherwise acquired the Hudson CDOs in the United States, and were damaged thereby.'" *Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261, 264 (S.D.N.Y. 2014) (Dkt. 138) (citation omitted).[1] That Order also appointed lead plaintiff Dodona I, LLC ("Plaintiff") to serve as the Class representative and Plaintiff's lead counsel, Berger & Montague, P.C., to serve as lead counsel for the Class;

WHEREAS, Plaintiff has now filed and the parties have fully briefed Plaintiff's Motion for an Order Approving Notice to Class Members and Notice Procedures (the "Motion to

---

[1] The Hudson CDOs include $837 million of notes issued or co-issued by Hudson Mezzanine Funding 2006-1, Ltd. or Hudson Mezzanine Funding 2006-1, Corp. (the "Hudson 1 CDO") and $407.9 million of notes issued or co-issued by Hudson Mezzanine Funding 2006-2, Ltd. or Hudson Mezzanine Funding 2006-2, Corp. (the "Hudson 2 CDO").

Approve Class Notice") pursuant to Fed. R. Civ. P. 23(c)(2) seeking an order approving the form of notice and procedures to be used in providing notice of this class action to putative members of the certified Class;

WHEREAS, the parties subsequently discussed the contents of the proposed class notice and summary notice, and following an exchange of letters to the Court, engaged in a telephonic conference with the Court on September 22, 2014 regarding those documents;

WHEREAS, the parties have agreed on the contents of the revised proposed class notice (the "Class Notice") and summary notice (the "Summary Notice"), which are attached as Exhibits 1 and 2, respectively;

WHEREAS, lead Class counsel seeks that the notice program be administered by the national class action administration and notice firm, Heffler Claims Group LLC ("Heffler"), which lead Class counsel selected after receiving and analyzing bids from seven experienced national firms specializing in class action notice procedures and administration;

WHEREAS, the Court has considered the parties' respective submissions and all papers and argument filed in support of and in opposition to Plaintiff's Motion to Approve Class Notice as subsequently revised by Plaintiff, as well as the oral submissions of counsel during the September 22, 2014 telephone conference;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Approve Class Notice as further revised is granted.

2. Lead Class counsel is hereby authorized to retain Heffler to administer the notice program. As part of its duties, Heffler shall: within 14 days from the date of this Order, mail the Class Notice to each of the putative members of the Class (or their successors, as the case may be) that have already been identified in the proceedings to date; cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and via *PR Newswire* within 21

days from the date of this Order; contact and send the Class Notice to those brokerage firms, securities nominees and other financial institutions that may have purchased or held Hudson CDO notes for the beneficial ownership of others that Plaintiff can identify on the basis of reasonable inquiry; send the Class Notice by first class mail, within five business days after the Notice Administrator receives notice from a potential nominee purchaser pursuant to § 11 of the Class Notice, to all such potential nominee purchasers and certify in writing that the Notice Administrator has done so; and, under the supervision of lead Class counsel, take all other reasonable steps in giving notice of the pendency of this class action litigation to putative members of the Class.

3. Any Class member that wishes to be excluded from the Class may do so by sending to Heffler a letter or other written direction within 45 days from the date of Heffler's initial mailing of the Class Notice. The letter or other written direction must set forth such person or entity's name, address and telephone number; state that such person or entity requests exclusion from the Class; and be signed by such person or a duly authorized representative of such person or entity.

4. The Court finds that the foregoing notice processes constitute the best notice practicable in the circumstances of this litigation, including individual notice to all putative members of the Class who can be identified through reasonable effort. The Court also finds that the Class Notice clearly and concisely states in plain, easily understood language each of the matters set forth in Fed. R. Civ. P. 23(c)(2)(B), among other things, and conforms with due process and all other applicable law.

Dated: New York, New York
10/21/14

_____

**Debra Freeman**
**United States Magistrate Judge**
**Southern District of New York**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DODONA I, LLC, on Behalf of Itself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>GOLDMAN, SACHS & CO., THE GOLDMAN SACHS GROUP, INC., PETER L. OSTREM and DARRYL K. HERRICK,<br><br>            Defendants. | Case No. 10 Civ. 7497 (VM)(DCF)<br><br>ECF Case<br><br>Class Action |

## NOTICE OF PENDENCY OF CLASS ACTION

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**Your rights might be affected if you are a member of the following group:**

ALL PERSONS AND ENTITIES WHO, FROM THEIR INITIAL OFFERING THROUGH APRIL 27, 2010 (THE "CLASS PERIOD"), PURCHASED OR OTHERWISE ACQUIRED ANY OF THE FOLLOWING NOTES (THE "HUDSON CDO NOTES") ISSUED OR CO-ISSUED BY HUDSON MEZZANINE FUNDING 2006-1, LTD. OR HUDSON MEZZANINE FUNDING 2006-1, CORP. (THE "HUDSON 1 CDO") OR HUDSON MEZZANINE FUNDING 2006-2, LTD. OR HUDSON MEZZANINE FUNDING 2006-2, CORP. (THE "HUDSON 2 CDO") IN THE UNITED STATES AND WERE DAMAGED THEREBY (THE "CLASS"):

| Hudson 1 CDO | | Hudson 2 CDO | |
|---|---|---|---|
| Security | CUSIP | Security | CUSIP |
| Class S | 443860AA9<br>G46464AA4 | Class S | 44386QAA2<br>G46539AA3 |
| Class A-f | 443860AB7<br>G46464AB2 | Class A-1 | 44386QAB0<br>G46539AB1 |
| Class A-b | 443860AC5<br>G46464AC0 | Class A-2 | 44386QAC8<br>G46539AC9 |
| Class B | 443860AD3<br>G46464AD8 | Class B | 44386QAD6<br>G46539AD7 |
| Class C | 443860AE1<br>G46464AE6 | Class C | 44386QAE4<br>G46539AE5 |
| Class D | 443860AF8<br>G46464AF3 | Class D | 44386QAF1<br>G46539AF2 |
| Class E | 443860AG6<br>G46464AG1 | Class E | 44386NAC5<br>G46539AB5 |
| Income Notes | 44386PAA4<br>G46429AA7<br>44386PAB2 | Income Notes | 44386NAA9<br>G46539AA7<br>44386NAB7. |

Please read this notice carefully. This notice explains important rights you have.

QUESTIONS? Call 1-800-424-6690 TOLL FREE, OR VISIT
www.hefflerclaims.com - DO NOT CALL THE COURT

Page 1 of 6

| 1. | Why did I get this Notice? |

The Court in charge of this lawsuit has ordered that this Notice be sent to persons and entities who are included in the Class as defined above, to advise them that this lawsuit has been certified as a class action and that they are Class members. The Court in charge of this lawsuit is the United States District Court for the Southern District of New York (Marrero, J.). You received this Notice because you were identified as a potential Class member. In a class action, one or more people file suit on behalf of others with similar claims, called Class members. If you are a Class member, your rights might be affected by this lawsuit.

The Class, as more specifically defined above, consists of purchasers of any Hudson CDO Notes during the Class Period in the United States who were damaged thereby.[1] The lead plaintiff and representative of the Class appointed by Orders of the Court in this case, Dodona I, LLC ("Plaintiff"), alleges that it purchased notes in both the Hudson 1 CDO and the Hudson 2 CDO prior to April 27, 2010 in the United States, and that it was damaged thereby.

This Notice advises you only of the existence of the lawsuit and of your rights if you are a Class member. The Court has not made any determination as to the ultimate merits of the claims or the defenses in the lawsuit. If you are not a Class member or a person or entity that holds or held any Hudson CDO Notes on behalf of a Class member, you may ignore this Notice.

| 2. | What does the Plaintiff claim in this case? |

This lawsuit concerns Defendants' conduct in marketing and selling the Hudson CDO Notes. Plaintiff claims that Goldman, Sachs & Co. sponsored the Hudson CDOs, and was the offeror of the Hudson CDO Notes. The Defendants are Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively "Goldman"), and former Goldman employees Peter L. Ostrem and Darryl J. Herrick (collectively with Goldman, the "Defendants"). The Hudson CDO Notes are synthetic collateralized debt obligation securities that referenced certain residential mortgage-backed securities ("RMBS"). The Hudson CDO Notes were offered for sale by Goldman to certain investors in private placements and were not registered publicly with the U.S. Securities and Exchange Commission.

Plaintiff claims that the Defendants prepared offering documents for the Hudson CDO Notes and marketed and sold the Hudson CDO Notes to investors. The offering documents include an Offering Circular dated December 3, 2006 for the Hudson 1 CDO, and an Offering Circular dated February 6, 2007 for the Hudson 2 CDO. Plaintiff alleges that the Defendants violated the U.S. Securities Exchange Act of 1934 and New York state law by omitting to disclose in the Hudson CDO offering documents material facts concerning the risks of investing in the Hudson CDO Notes. Plaintiff claims, among other things, that, at the time Goldman marketed and sold the Hudson CDOs, Defendants were aware of a buildup of negative events in the subprime mortgage market, and that the outlook for subprime mortgage-related assets was gloomy. Plaintiff also claims that the boilerplate disclosures in the Offering Circulars for the Hudson 1 and Hudson 2 CDOs did not accurately represent Defendants' assessment of the risks.[2]

---

[1] The Class does not include any of the Defendants (as defined below); any subsidiary of any Defendant; the members of the individual defendants' immediate families; and the legal representatives, heirs, successors and assigns of any excluded person or entity.

[2] The Hudson 1 CDO consisted of $837 million (par amount) of notes spread over eight classes, and the Hudson 2 CDO consisted of $407.9 million (par amount) of notes also spread over eight classes. However, the Hudson 1 CDO also contained a senior swap transaction that contributed to the over $2.08 billion in total profits that Plaintiff claims Goldman obtained from the Hudson 1 and Hudson 2 CDOs. The senior swap transaction is not

This lawsuit was filed on September 30, 2010. The Class Period ends on April 27, 2010 when, in the context of an investigation by the U.S. Senate Permanent Subcommittee on Investigations (the "U.S. Senate PSI"), seven senior Goldman officials testified before the U.S. Senate PSI concerning Goldman's mortgage securities practices, and the U.S. Senate PSI also began to make public certain internal Goldman email and other documents. Plaintiff alleges that the U.S. Senate PSI proceedings and the internal Goldman email and other documents made public relevant information regarding the Hudson CDO offerings.

A more complete description of Plaintiff's claims is set forth in its Amended Complaint and the Court's Order issued on March 21, 2012, which granted in part and denied in part Defendants' motions to dismiss Plaintiff's Amended Complaint. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624 (S.D.N.Y. 2012). Following the Court's ruling on Defendants' motions to dismiss, Plaintiff and Defendants engaged in extensive document and other discovery and, collectively, took 30 depositions. Unless the Court orders any further discovery, discovery is largely complete. The Court has not yet ruled on the merits of Plaintiff's claims or Defendants' defenses.

By Order issued on January 23, 2014, the Court granted Plaintiff's motion to certify the Class and appointed Plaintiff as Class representative and Plaintiff's lead counsel, Berger & Montague, P.C., as lead counsel for the Class. *Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261 (S.D.N.Y. 2014). On February 6, 2014, Defendants filed a petition asking the United States Court of Appeals for the Second Circuit to review and reverse the Court's Order that certified the Class, and to decertify the Class. *Dodona I, LLC v. Goldman, Sachs & Co., et al.*, Dkt. 14-419 (2d Cir.). On February 18, 2014, Plaintiff filed its opposition to Defendants' petition. By Order issued June 27, 2014, the United States Court of Appeals for the Second Circuit denied Defendants' petition to appeal the Court's Order certifying the Class.

### 3. What is the Plaintiff asking the Court to do?

The lawsuit asks the Court to find that the Defendants have violated the federal securities laws and New York state law. The lawsuit also asks that the Court (a) permit Plaintiff and other Class member investors to rescind their purchases of the Hudson CDO Notes and/or (b) award damages. The lawsuit also seeks interest, punitive damages, attorneys' fees, costs and other relief. Certification of the Class by the Court is not an assurance that Class members will recover damages. Entitlement to, and the amount of, any damages awarded must be proven by Plaintiff at trial.

### 4. How have the Defendants responded to the claims in this case?

Defendants have denied any wrongdoing or liability for the claims alleged. Defendants contend, among other things, that the offering documents for the Hudson CDOs were accurate, not misleading and did not omit any material facts. Defendants also contend, among other things, that (i) investors in the Hudson CDOs made their own independent investment decisions based on their own independent investigation and analyses of the investment risks and did not rely upon Defendants, (ii) Plaintiff has failed to prove that it purchased notes in the Hudson 1 CDO, and (iii) any loss in value in the Hudson CDOs was the result of market forces and not the result of any wrongdoing by them.

---

covered by Plaintiff's claims and is not included in the definition of the Class.

| 5. | How can I see a copy of the documents in the case? |

You may review a copy of the Amended Complaint, the Court's Order granting in part and denying in part Defendants' motions to dismiss, the Court's Order certifying the Class as a class action and other documents in the case, by visiting the following website: http://www.hefflerclaims.com. If you are interested in reviewing copies of other publicly filed documents in the case, you may either call, write or email lead counsel for the Class at the contact information listed in paragraph 6 below.

| 6. | Do I have a lawyer in the case? |

The Court has approved the following law firm to serve as lead counsel for the Class:

>Berger & Montague, P.C.
>Merrill G. Davidoff
>Lawrence J. Lederer
>1622 Locust Street
>Philadelphia, PA 19103
>Telephone: (215) 875-3000
>Toll Free: (800) 424-6690
>www.bergermontague.com
>Email: mdavidoff@bm.net
>           llederer@bm.net

The Court has also approved the law firm of Gusrae Kaplan Nusbaum PLLC, 120 Wall Street, New York, NY 10005, to serve as local counsel for the Class. Although the Court has appointed attorneys to represent the Class as described above, you have the right to retain your own counsel at your own expense. However, you are not required to retain separate counsel. If you do not retain separate counsel and remain a member of the Class, your interests will be represented by Class counsel.

| 7. | How will the lawyers be paid? |

Counsel for the Class has agreed to pursue this class action on a contingent fee basis. This means that all attorneys' fees and expenses are payable only out of money recovered for the Class, if any, as may be awarded by the Court and/or any separate amount that may be awarded by the Court against Defendants to pay the attorneys' fees and/or expenses of Class counsel.

Class members will not have to separately pay lawyers any additional amounts (unless they retain their own separate counsel).

| 8. | How do I participate in this Class action case? |

If you fall within the definition of the Class set forth above, you are a Class member. **YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.**

As a Class member, and unless you exclude yourself from the Class in the manner described in paragraph 9 below, you will be bound by any judgment entered or settlement reached in this lawsuit, whether favorable or unfavorable. **No judgment has been entered or settlement reached at this time.** If a proposed settlement of the lawsuit is reached, it will be subject to approval by the Court. Class members will be sent additional notice of any such proposed settlement as may be approved by the Court, and

members of the Class who have not previously excluded themselves will have an opportunity to object to the terms of the proposed settlement, and may be required to submit a claim form to demonstrate their entitlement to any payment. Similarly, the Court may also direct further notice to the Class following any judgment that may be entered after the trial of this case, or for any other reason that the Court may determine.

Any Class member who does not ask to be excluded from the Class, and does not wish to be represented by counsel for the Class appointed by the Court, may also enter an appearance in the lawsuit through their own counsel, at their own expense. If you choose to be represented by your own counsel, you will need to separately retain such other counsel. If you choose to be represented by your own counsel, you also may be required to separately pay such other counsel because such other counsel will not be covered by any compensation paid to Class counsel as described in paragraph 7 above.

If you fall within the definition of the Class and remain in the Class -- that is, you do not exclude yourself from the Class -- you (and any investors or their beneficiaries for whom you may have invested in the Hudson CDO Notes) may be entitled to share in any recovery that may be obtained by the Plaintiff for the Class. If you fall within the definition of the Class and exclude yourself from the Class, you (and any investors or their beneficiaries for whom you may have invested in the Hudson CDO Notes) will not be entitled to share in any recovery that may be obtained by the Plaintiff for the Class.

### 9. How can I exclude myself from the Class?

If you wish to be excluded from the Class, you must send a letter or other written direction by first class mail in accordance with the instructions in this paragraph. If you choose to be excluded: (a) you will NOT be entitled to share in any recovery from any settlement or judgment, if any, that may be paid to members of the Class as a result of a trial or any settlement of this lawsuit; (b) you will NOT be bound by any judgment or release entered in this lawsuit; and (c) at your own expense, you MAY pursue any claims that you have by filing your own lawsuit or taking other action.

To be excluded, any such person or entity shall mail, by first class mail, a letter or other written direction requesting to be excluded from the Class, **postmarked no later than _____, 2014 addressed to the Notice Administrator at:** _____. In order to be valid, any letter or other written direction to be excluded must (a) set forth the name, address and telephone number of the person or entity directing exclusion; (b) state that such person or entity requests to be excluded from the Class in this case; and (c) be signed by such person or duly authorized representative of such person or entity. You should also state in your letter or written direction to be excluded the specific classes of Hudson CDO Notes purchased or sold, as well as the dates and prices of each such purchase and sale. You cannot exclude yourself from the Class by telephone or by email, and a request for exclusion shall not be effective unless it is postmarked by _____, 2014 or is otherwise accepted by the Court. **You should only direct to be excluded from the Class if you do NOT wish to participate in this class action and do not wish to share in any potential recovery that the Class may obtain.**

### 10. How can I find out more?

This Notice contains only a summary of this litigation and your rights as a potential Class member. For more detailed information or any inquiries concerning the matters involved in this litigation, please contact lead counsel for the Class at the contact information listed in paragraph 6 above. Publicly

available documents in this case may also be inspected at the Office of the Clerk of Court, United States Courthouse, 500 Pearl Street, New York, New York 10007.

If this Notice was mailed to you at an old address, or if you move, please promptly advise the Notice Administrator and lead counsel for the Class of your current address so that you can receive any future Notice, Proof of Claim forms and other papers.

| 11. | Notice to persons or entities holding ownership on behalf of others. |

**Important note to brokerage firms, banks and/or other persons or entities who purchased Hudson CDO Notes during the Class Period as a nominee for a beneficial owner:** Within ten (10) days after you receive this Notice, you are requested to: (a) provide a list of names and addresses of such beneficial owners to the Notice Administrator who will complete the mailing of this Notice to such owners; or (b) send a copy of this Notice by first class mail to all such beneficial owners and provide to the Notice Administrator a list of persons and entities to whom you provided this Notice and the date you sent the Notice. You can provide this information to the Notice Administrator at the address listed in paragraph 9 above.

You may obtain from the Notice Administrator (without cost to you) as many additional copies of this Notice as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you by the Notice Administrator, you may obtain reimbursement of reasonable administrative costs actually incurred in connection with forwarding the Notice, and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

| 12. | Notice to persons and entities who sold or otherwise transferred any Hudson CDO notes to others or who were succeeded by others. |

If you acquired any Hudson CDO Notes during the Class Period and sold or otherwise transferred any such notes to any other person or entity, please provide to the Notice Administrator a list of names and addresses of such persons and entities within ten (10) days after you receive this Notice. Similarly, if you are aware of any person or entity who acquired any Hudson CDO Notes during the Class Period which was succeeded by another person or entity such as a liquidation or bankruptcy receiver or trustee, please provide to the Notice Administrator a list of all such successors and their addresses within ten (10) days after you receive this Notice.

**PLEASE DO NOT CALL THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2014           UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK

<u>For Immediate Release</u>     Media Contact(s):     Lawrence J. Lederer
                                                     Berger & Montague, P.C.
                                                     (215) 875-3000

[Headline – shows as the click through link]
**ATTENTION PURCHASERS OF HUDSON MEZZANINE FUNDING 2006-1 NOTES AND/OR HUDSON MEZZANINE FUNDING 2006-2 NOTES FROM THEIR INITIAL OFFERING THROUGH APRIL 27, 2010**

New York, _____ 2014/*PR Newswire* – The following statement is being issued by Berger & Montague, P.C. regarding *Dodona I, LLC v. Goldman, Sachs & Co., et al.*

<u>LEGAL NOTICE</u>

**ATTENTION PURCHASERS OF HUDSON MEZZANINE FUNDING 2006-1 NOTES AND/OR HUDSON MEZZANINE FUNDING 2006-2 NOTES FROM THEIR INITIAL OFFERING THROUGH APRIL 27, 2010**

<u>SUMMARY NOTICE OF PENDENCY OF CLASS ACTION</u>

To: All persons and entities who, from their Initial Offering through April 27, 2010 (the "Class Period"), purchased or otherwise acquired any of the following notes (the "Hudson CDO Notes") issued or co-issued by Hudson Mezzanine Funding 2006-1, Ltd. or Hudson Mezzanine Funding 2006-1, Corp. (the "Hudson 1 CDO") or Hudson Mezzanine Funding 2006-2, Ltd. or Hudson Mezzanine Funding 2006-2, Corp. (the "Hudson 2 CDO") in the United States and were damaged thereby (the "Class"):

| Hudson 1 CDO | | Hudson 2 CDO | |
|---|---|---|---|
| Security | CUSIP | Security | CUSIP |
| Class S | 443860AA9 G46464AA4 | Class S | 44386QAA2 G46539AA3 |
| Class A-f | 443860AB7 G46464AB2 | Class A-1 | 44386QAB0 G46539AB1 |
| Class A-b | 443860AC5 G46464AC0 | Class A-2 | 44386QAC8 G46539AC9 |
| Class B | 443860AD3 G46464AD8 | Class B | 44386QAD6 G46539AD7 |
| Class C | 443860AE1 G46464AE6 | Class C | 44386QAE4 G46539AE5 |
| Class D | 443860AF8 G46464AF3 | Class D | 44386QAF1 G46539AF2 |
| Class E | 443860AG6 G46464AG1 | Class E | 44386NAC5 G46539AB5 |
| Income Notes | 44386PAA4 G46429AA7 44386PAB2 | Income Notes | 44386NAA9 G46539AA7 44386NAB7 |

**YOU ARE HEREBY NOTIFIED THAT A CLASS HAS BEEN CERTIFIED IN PENDING LITIGATION THAT MAY AFFECT YOUR RIGHTS.**

If you are a member of the Class identified above, your rights may be affected by the lawsuit. The lawsuit, *Dodona I, LLC v. Goldman, Sachs & Co., et al.*, Case No. 10 Civ. 7497 (VM)(DCF), is pending in the United States District Court for the Southern District of New York (the "Court"). The plaintiff and representative of the Class appointed by the Court, Dodona I, LLC ("Plaintiff"), alleges that Goldman, Sachs & Co., The Goldman Sachs Group, Inc. and former Goldman employees Peter L. Ostrem and Darryl J. Herrick (collectively, the "Defendants") violated the United States Securities Exchange Act of 1934 and New York state law in marketing and selling the Hudson CDO Notes. The Court determined that this case may proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. You may be a member of the Class.

This Notice is not an expression of any opinion by the Court with respect to the merits of the claims or the defenses asserted in this Action. This Notice is merely to advise you of the pendency of this Class action case and of your rights.

If you have not yet received the "Notice of Pendency of Class Action" which describes this Class action case and your related rights in detail, you may obtain a copy by calling 1-_____ or writing to _____.

If you fall within the definition of the Class set forth above, you are a member of the Class. **If You Wish To Remain A Member Of The Class, You Do Not Need To Do Anything At This Time.**

If you wish to be excluded from the Class, you must mail a letter or other written direction requesting to be excluded from the Class to _____, postmarked no later than _____, 2014. There are specific requirements for being excluded that are set forth in the detailed Notice of Pendency of Class Action. You may also remain a member of the Class but appear through your own separate counsel, at your own expense. If you choose to be represented by your own counsel, you will need to separately retain such other counsel.

Inquiries regarding this litigation may be addressed to: Merrill G. Davidoff or Lawrence J. Lederer, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania, Telephone: (215) 875-3000, Fax: (215) 875-4604, mdavidoff@bm.net or llederer@bm.net.

**PLEASE DO NOT CALL THE COURT OR THE DISTRICT CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2014          UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF NEW YORK