```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
DODONA I, LLC,                :
                              :    10 Civ. 7497 (VM)
          Plaintiff,          :
                              :
     -against-                :    **DECISION AND ORDER**
                              :
GOLDMAN, SACHS & CO., et al., :
                              :
          Defendants.         :
------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated May 14, 2015, nonparty Basis Yield Alpha Fund (Master) ("BYAFM") moved this Court for leave to intervene (Dkt. No. 218) for the limited purpose of modifying the Protective Order dated July 18, 2012 that was filed in this action (Dkt. No. 90 ("Dodona Protective Order")).

BYAFM -- a plaintiff in Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc., Index No. 652996/2011 (N.Y. Sup. Ct.) (the "BYAFM State Action") -- seeks access to unredacted versions of the summary judgment submissions, hearing transcripts, and court decisions related to the summary judgment motions submitted in this litigation. (Dkt. No. 218.) Additionally, BYAFM seeks permission to use the protected material for "purposes of litigating the civil action" in the BYAFM State Action.

1

(Id.)

By letter dated May 20, 2015, Defendants Goldman, Sachs & Co., The Goldman Sachs Group, Inc., Peter L. Ostrem, and Darryl K. Herrick (collectively, "Defendants"), opposed BYAFM's request. (Dkt. No. 219.) Defendants state that the BYAFM State Action is based on investments in the Point Pleasant 2007-1 and Timberwolf 2007-1 CDOs, not the Hudson CDOs at issue in this case. (Id.) Defendants claim that BYAFM was "certainly free to pursue production of the information it now seeks in the [BYAFM State Action] if it thought that material was relevant to the CDO transactions in the [BYAFM State Action], but has not done so." (Id.) Defendants argue instead that BYAFM seeks to gain access to the protected material "through the back door" after failing to make such document requests by the March 19, 2012 deadline set in the BYAFM State Action for such requests. (Id.)

BYAFM replied to Defendants' letter on May 21, 2015. (Dkt. No. 220.)  It argues that neither BYAFM's motive for requesting unredacted summary judgment materials nor the relevance of those materials to the BYAFM State Action are dispositive for unsealing these documents. Instead, BYAFM

2

asserts that since it seeks access only to "unredacted versions of the summary judgment submissions in the above-referenced case, as well as unredacted hearing transcripts and Court decisions relating to the summary judgment motions," a strong presumption of public access under both the common law and the First Amendment is triggered. (Dkt. No. 218.)

It is well-established that documents submitted to the court in connection with summary judgment are judicial documents and are therefore entitled to a presumption of public access under both common law and the First Amendment. See Lugosch v. Pyramid Co. of Onondoga, 435 F.3d 110, 123 (2d Cir. 2006). Although this rule does not apply to all documents produced in discovery, a presumption of public access is essential for judicial documents because "the monitoring of the judicial function is not possible without access to documents that are used in the performance of Article III functions." Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth. Ind., 347 F. App'x 615, 616 (2d Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). "[O]nce those submissions come to the attention of the district judge,

they can fairly be assumed to play a role in the court's deliberations." Lugosch, 435 F. 3d at 123.

Under the common law, the "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 119. "[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it." Id. at 120 (internal quotation marks and citation omitted). These countervailing factors include, among others, the danger of impairing law enforcement or judicial efficiencies, and the privacy interests of those resisting disclosure such as trade secrets and sources of business information that might harm a litigant's competitive standing. See, e.g., In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

Similarly, under the First Amendment, the public and the press have a "qualified First Amendment right to attend judicial proceedings and access certain judicial documents." Lugosch, 435 F. 3d at 120. But even when the qualified First Amendment right of access applies,

4

"documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id.

Here, pursuant to the Dodona Protective Order, the parties have agreed to redact information self-designated as "Confidential" that the disclosing party "reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, or other confidential research, development, or commercial information or confidential personal information." (Dkt. No. 90, Dodona Protective Order ¶ 4.) Further, the parties agreed that confidential discovery material can be designated "Highly Confidential" if the disclosing party "reasonably and in good faith believes that disclosure of the Discovery Material beyond that permitted by this Order reasonably could (i) result in substantial competitive, commercial or personal harm to the Disclosing Party, its clients or its customers; or (ii) subject the Disclosing Party to adverse action by any regulatory authority based on laws or regulations potentially prohibiting or limiting the disclosure of information contained in the Discovery

Materials." (Id. ¶ 6.)

As such, statements in the summary judgment material designated as "Confidential" or "Highly Confidential" pursuant to the Dodona Protective Order might overcome the presumption for public disclosure if appropriately designated and redacted.

Accordingly, it is hereby

**ORDERED** that the parties in the instant case are directed to show cause, within seven (7) days from the date of this Order, as to why those portions of the summary judgment motion record in this case that do not contain confidential trade secrets or other proprietary business information (Dkt. Nos. 190-192, 194-196, and 206-212, as well as similar portions of reply briefs yet to be filed and any additional submissions relating to the foregoing motions) should not be unsealed.

**SO ORDERED.**

DATED:   New York, New York
         3 June 2015

                                    _____
                                    VICTOR MARRERO
                                    U.S.D.J.