USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/1/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DODONA I, LLC, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

GOLDMAN, SACHS & CO., et al.,

Defendants.

10 Civ. 7497 (VM) (DCF)

ORDER AND FINAL JUDGMENT

This matter came for hearing on July 1, 2016 (the "Final Approval Hearing"), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement") are fair, reasonable and adequate and for approval of the Settlement. Due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth in this Judgment.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(c)(1)(C), the Court amends the definition of the Class to be the Settlement Class for purposes of the Settlement.

4. Pursuant to Fed. R. Civ. P. 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Settlement contained therein is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a well-respected mediator; and

(d) the record is sufficiently developed and complete to have enabled the Plaintiff and the Defendants to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Action and the claims and Counterclaims asserted in the Action with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and in this Judgment.

6. Upon the Effective Date, and as provided in the Stipulation and by operation of this Judgment, Plaintiff (including Plaintiff's Principal) and each of the other Settlement Class Members, whether or not such Person submits a Proof of Claim, shall be deemed to have released, dismissed, and forever discharged the Released Claims against each and every one of the Released Defendant Parties, with prejudice and on the merits, without costs to any of the Settling Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

7. Upon the Effective Date, and as provided in the Stipulation and by operation of this Judgment, Defendants shall be deemed to have released, dismissed, and forever discharged

the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, with prejudice and on the merits, without costs to any of the Settling Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

8. Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7), common law or other applicable law, from commencing, prosecuting or asserting against any of the Released Defendant Parties any claim for indemnity or contribution or any other claim where the alleged injury to such Person is that Person's actual or threatened liability to Plaintiff, Plaintiff's Principal or any Member of the Settlement Class in the Action, based upon, arising out of or related to the Released Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other forum in the United States or elsewhere.

9. Except as otherwise set forth in the Stipulation, each and every one of the Defendants is hereby permanently barred, enjoined and restrained, to the fullest extent permitted by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7), common law or other applicable law, from commencing, prosecuting or asserting against any Person any claim for indemnity or contribution or any other claim where the alleged injury to such Defendant is that Defendant's actual or threatened liability to Plaintiff, Plaintiff's Principal or any Member of the Settlement Class in the Action, based upon, arising out of or related to the Released Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, or

third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other forum in the United States or elsewhere.

10. The Notice given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort, and constituted due and sufficient notice to all Persons. The form and method of the Notice fully satisfied the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, and the requirements of due process. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any application for attorneys' fees, reimbursement of Litigation Expenses and reimbursement of Plaintiff's Principal's costs and expenses shall in no way disturb or affect this Judgment and shall be considered separately from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Settling Parties or the validity, or lack thereof, of any claim or counterclaim that has been or could have been asserted in the Action or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

(b) shall be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Released Parties as evidence of any infirmity in the claims or Counterclaims asserted in the Action;

(c) shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation and Settlement to effectuate the liability protection granted them hereunder;

(d) shall be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall be construed as or received in evidence as an admission, concession or presumption against any of the Released Parties that any of the claims or Counterclaims asserted in the Action are without merit or that damages recoverable by Plaintiff and the Class in the Action would not have exceeded the Settlement Fund.

13. Any of the Settling Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense, claim or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, and enforcement of the Settlement as embodied in the Stipulation, and for purposes of, *inter alia,* entering orders, providing for awards of attorneys' fees, Litigation Expenses and Plaintiff's Costs, and enforcing the terms of this Stipulation and the Settlement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

16. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of February 11, 2016.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED:

DATED: 1 July 2016

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE